UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1533 ABC (SSx) | Date | July 31, 2008 |
|---|---|---|---|
| Title | Louise Santiago, et al. v. BankUnited FSB | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Daphne Alex | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    ORDER RE: Third-Party Defendant Surety Bonding Company of America's Motion to Dismiss (In Chambers)

   Pending before the Court is Third-Party Defendant Surety Bonding Company of America's ("Surety's") Motion to Dismiss Third-Party Complaint, filed on June 23, 2008. Third-Party Plaintiff BankUnited FSB ("BankUnited") opposed on July 21, 2008 and Surety replied on July 28, 2008. The Court finds the matter appropriate for resolution without oral argument and VACATES the August 4, 2008 hearing date. See Fed. R. Civ. P. 78; Local Rule 7-15. The Court hereby GRANTS Defendants' motion, but will allow BankUnited to amend its third-party complaint as discussed below.

   Plaintiffs in this case, Louise and Eugene Santiago ("Plaintiffs"), attempted to refinance their mortgage in 2007. (Compl. ¶ 7.) They signed loan documents with BankUnited and allege that BankUnited and others failed to disclose that the loan would result in "negative amortization." (Id. ¶ 8.) Once Plaintiffs discovered this information, they sought to rescind their loan under the federal Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. BankUnited denied their request, so Plaintiffs filed the instant lawsuit. (Compl. ¶ 14.) Plaintiffs claim that they are entitled to rescission and damages because, among other reasons, "[t]he loan documents, including the [rescission] notices, were dated August 22, 2007, and Plaintiff[s] [were] instructed to backdate [their] signatures"; the documents were allegedly executed on August 25, 2007. (Id. ¶ 8.) They also allege that "BankUnited . . . stated that their copies of the rescission notices had the August 22, 2007 date crossed out, with August 25, 2007 written in and initialed by Plaintiffs. Therefore, BankUnited's copies do not match those provided to Plaintiffs, and it is clear Plaintiffs' copies of the rescission notices are defective." (Id. ¶ 14.)

   BankUnited filed a third-party complaint ("TPC") against myriad entities, alleging 18 different claims. At issue here is claim 18, pled only against Surety for "Enforcement of Liability on Official Bond" pursuant to California Code of Civil Procedure section 996.430. (TPC ¶¶ 133-138.) Surety served as the surety on individual Defendant William Hastings' public notary bond. (Id. ¶ 134.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1533 ABC (SSx) | Date | July 31, 2008 |
|---|---|---|---|
| Title | Louise Santiago, et al. v. BankUnited FSB | | |

According to BankUnited, Hastings acted as the notary public for Plaintiffs' loan. (Id. ¶ 16.) BankUnited has pled various claims against him individually, including breach of contract, fraud, negligence, and breach of fiduciary duty for failing to provide Plaintiffs with two copies of the notice of the right to cancel. (Id. ¶¶ 29, 44, 66, 81.) Hastings signed a document on August 25, 2007 that apparently obligated him to do so. (Id. ¶ 29, Ex. C.) BankUnited has named Surety as a third-party Defendant on the theory that it is liable for Hastings' failure to perform his statutory duties as a notary public, including his duty to provide appropriate copies of the notice of the right to rescind to Plaintiffs. (Id. ¶ 135.)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. See Fed. R. Civ. Pro. 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. See Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to plaintiff. See id. However, the Court need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. See, e.g., Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). In short, a complaint need not contain detailed factual allegations, but it must allege facts sufficient to raise a right to relief that rises above the level of mere speculation and is plausible on its face. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1969 (2007).

BankUnited has pled only one theory of liability against Surety, but suggests two potential grounds in its opposition: (1) Hastings failed to fulfill his notary duties by failing to provide Plaintiffs copies of the Notice of Right to Cancel (which was pled in the TPC); and (2) Hastings negligently acknowledged that Plaintiffs signed the Notice on August 22, 2008, when they actually signed it on August 25, 2008 (which was not pled in the TPC). The duties of a notary public are prescribed by statute in California. See McComber v. Wells, 72 Cal. App. 4th 512, 519 (1999) ("Indeed, because of the important function notaries serve in our society, their duties are prescribed by law."); Bank of Amer. Nat'l Trust & Sav. Assn. v. Dowdy, 186 Cal. App. 2d 690, 693 (1961) ("The duties of a notary public are defined by statute . . ."). California Government Code section 8205 delineates those duties, most relevant of which is the duty "[t]o take the acknowledgment or proof of advance health care directives, powers of attorney, mortgages, deeds, grants, transfers, and other instruments of writing executed by any person, and to give a certificate of that proof or acknowledgment, endorsed on or attached to the instrument. The certificate shall be signed by the notary public in the notary public's own handwriting. A notary public may not accept any acknowledgment or proof of any instrument that is incomplete." Cal. Govt. Code § 8205(a)(2). Further, "[e]very person appointed a notary public shall execute an official bond in the sum of fifteen thousand dollars ($15,000). The bond shall be in the form of a bond executed by an admitted surety insurer and not a deposit in lieu of a bond." Id. § 8212. Surety provided that bond for Hastings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1533 ABC (SSx) | Date | July 31, 2008 |
|---|---|---|---|
| Title | Louise Santiago, et al. v. BankUnited FSB | | |

      Generally, a notary's duties are "ministerial" and "devoid of the exercise of discretion." Vanderhoof v. Prudential Sav. & Loan Assn., 46 Cal. App. 3d 507, 511 (1975).  However, "[f]or the official misconduct or neglect of a notary public, the notary public and the sureties on the notary public's official bond are liable in a civil action to the persons injured thereby for all the damages sustained." Cal. Govt. Code § 8214.  BankUnited alleges that Surety must be held liable for Hastings' failure to deliver copies of the Notice of Right to Cancel to Plaintiffs.  However, this obligation is not created by statute; it is created by contractual agreement between Hastings and co-Defendant Alliance Title. (TPC Ex. C.)  Section 8214 imposes liability on Surety only for "official misconduct or neglect," not for Hastings' breach of that private agreement.  See, e.g., 5 Harry D. Miller & Marvin B. Starr, California Real Estate § 11.32 (3d ed. 2007) ("The notary's surety is only responsible for the acts of the notary done in an official capacity, and the surety is not liable for any conduct by the notary that is not related to official acts in the taking of acknowledgments.").  To hold otherwise would impose a whole host of additional liabilities on a surety beyond what has been provided by the California legislature in the notary statutory provisions.  This would essentially eviscerate the purpose of the duties imposed by statute and would create uncertainty for both notaries and sureties as to their "official" obligations.  Here, Surety's bond was created pursuant to Government Code section 8212 to guarantee Hastings' performance of his duties under section 8205, which extends only to official misconduct or official negligence.  See Bank of Amer., 186 Cal. App. 2d at 692-93 (construing a surety contract under section 8212 to extend only to "official misconduct or the unfaithful performance of an official duty.").  As a result, Surety cannot be held liable under sections 8212 and 8214 for Hastings' alleged failure to provide Plaintiffs with copies of the notice of right to rescind pursuant to Hastings' private agreement with Alliance Title.  This claim is DISMISSED WITH PREJUDICE, since any amendment would be futile.

      BankUnited's second argument – that Hastings negligently certified that Plaintiffs executed the Notice of Right to Cancel on a different date than the date reflected on the documents – is legally colorable, but insufficiently pled.  "It is clear that both the notary and his sureties are liable for 'official misconduct' for making a false certificate of acknowledgment." Id. at 693-94.  Here, if Hastings in fact acknowledged the wrong date on the notice of the right to rescind, he failed to execute his statutory duty to ensure that his acknowledgment was true and accurate and Surety can be held liable. Id.  However, BankUnited's third-party complaint fails to allege this claim.  Rather, the third-party complaint makes perfectly clear that BankUnited's claim against Surety is based entirely on Hastings' failure to provide copies of the Notice of Right to Cancel:

> William Hastings breached the conditions of the bond by failing to faithfully discharge his official duties in breach of the bond by fraudulently certifying, in his capacity as a notary public, that he had complied with the instructions to him concerning the provision of copies of the signed and completed Notice of Right to Cancel forms to the Santiagos.

(TPC ¶ 137.)  In fact, the only apparent support for this claim is Plaintiffs' allegation that "[t]he loan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1533 ABC (SSx) | Date | July 31, 2008 |
|---|---|---|---|
| Title | Louise Santiago, et al. v. BankUnited FSB | | |

documents, including the [rescission] notices, were dated August 22, 2007, and Plaintiff[s] was instructed to backdate [their] signatures[.]"  (Compl. ¶ 8.)  This is insufficient to allege that Surety must be held liable on this basis.  The Court DISMISSES this claim WITHOUT PREJUDICE to repleading it properly.

//
//
//
//
//
//

Therefore, the Court DISMISSES WITH PREJUDICE BankUnited's claim that Surety must be held liable for Hastings' failure to provide copies of the Notice of Right to Cancel.  The Court DISMISSES WITHOUT PREJUDICE BankUnited's claim that Surety must be held liable for Hastings' negligence in acknowledging the wrong date on the Notice of Right to Cancel.  **BankUnited is ORDERED to file an amended third-party complaint against Surety within ten (10) days of the date of this Order.  Failure to do so will result in dismissal of all claims against Surety with prejudice and without further notice to the parties.**

Surety is ORDERED to file a proposed judgment consistent with this Order **within five days of the date of this Order.**

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | DA | |