UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1533 ABC (SSx) | Date | August 12, 2008 |
|---|---|---|---|
| Title | Louise Santiago, et al. v. BankUnited FSB | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Daphne Alex | Not present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**  ORDER RE: Third-Party Defendant First American Title Insurance Company's Motion to Dismiss (In Chambers)

Pending before the Court is Third-Party Defendant First American Title Insurance Company's ("First American's") Motion to Dismiss Fifteenth, Sixteenth, and Seventeenth Causes of Action of the Third-Party Complaint, filed on July 25, 2008. Third-Party Plaintiff BankUnited FSB ("BankUnited") opposed on August 5, 2008 and First American replied on August 11, 2008. The Court finds the matter appropriate for resolution without oral argument and VACATES the August 18, 2008 hearing date. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons below, the Court DENIES First American's motion.

Plaintiffs in this case, Louise and Eugene Santiago ("Plaintiffs"), attempted to refinance their mortgage in 2007. (Compl. ¶ 7.) They signed loan documents with BankUnited and allege that BankUnited and others failed to disclose that the loan would result in "negative amortization." (Id. ¶ 8.) Once Plaintiffs discovered this information, they sought to rescind their loan under the federal Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. BankUnited denied their request, so Plaintiffs filed the instant lawsuit. (Compl. ¶ 14.) Plaintiffs claim that they are entitled to rescission and damages because, among other reasons, "[t]he loan documents, including the [rescission] notices, were dated August 22, 2007, and Plaintiff[s] [were] instructed to backdate [their] signatures"; the documents were allegedly executed on August 25, 2007. (Id. ¶ 8.) They also allege that "BankUnited . . . stated that their copies of the rescission notices had the August 22, 2007 date crossed out, with August 25, 2007 written in and initialed by Plaintiffs. Therefore, BankUnited's copies do not match those provided to Plaintiffs, and it is clear Plaintiffs' copies of the rescission notices are defective." (Id. ¶ 14.)

BankUnited filed a third-party complaint ("TPC") against myriad entities, alleging 18 different claims. At issue here are claims 15, 16, and 17, pled only against First American for: (1) indemnity; (2) breach of contract; and (3) breach of the covenant of good faith and fair dealing. (TPC ¶¶ 108-132.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1533 ABC (SSx) | Date | August 12, 2008 |
|---|---|---|---|
| Title | Louise Santiago, et al. v. BankUnited FSB | | |

BankUnited alleges that First American issued to it a Closing Protection Letter ("CPL") related to Plaintiffs' loan transaction.  (Id. ¶ 109, Ex. D.)  The CPL stated that First American would "reimburse [BankUnited] for actual loss incurred by [BankUnited] in connection with" the closing of Plaintiffs' loan arising out of the closing agent's "failure . . . comply with [BankUnited's] written closing instructions to the extent that they relate to . . . the obtaining of any . . . document, specifically required by BankUnited."  (Id. (ellipses and brackets in original).)  BankUnited alleges that the closing instructions directed its closing agent Defendant Alliance Title Company to "ensure that each party signs and dates the Notice of Right to Cancel" and "[p]rior to disbursing this loan . . . the Notice of Right to Cancel signed and dated by all responsible parties must be forwarded . . . to the Closing Department."  (Id. ¶ 110, Ex. D.)  The closing instructions also indicated that "[i]t is the responsibility of the closing agent to verify that ALL closing documents have been properly prepared, executed and dated."  (Id. (emphasis in original).)  When BankUnited was sued by Plaintiffs, it tendered its defense of this action to First American pursuant to the CPL.  First American refused to cover the action.

   A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint.  See Fed. R. Civ. Pro. 12(b)(6).  In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.  See Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to plaintiff.  See id.  However, the Court need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.  See, e.g., Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  In short, a complaint need not contain detailed factual allegations, but it must allege facts sufficient to raise a right to relief that rises above the level of mere speculation and is plausible on its face.  See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1969 (2007).

   First American argues that the claims against it must be dismissed for three reasons: (1) the CPL does not cover the loss alleged by Plaintiffs because Plaintiffs' claims relate to the "validity, enforceability, or effectiveness" of the Notice of Right to Cancel; (2) the claims against First American are premature; and (3) the CPL is not an insurance contract and does not give rise to a tort claim for bad faith.  None of these points is persuasive.

   First, the CPL specifically states that First American will cover any actual loss "when such loss arises out of . . . [f]ailure of Issuing Agent, Approved Attorney or Approved Closing Services Vendor to comply with your written closing instructions to the extent that they relate to . . . the obtaining of any other documents specifically required by [BankUnited], but not to the extent that said instructions require a determination of the validity, enforceability, or effectiveness of such other document."  First American argues that this excludes Plaintiffs' claims from CPL coverage because Plaintiffs have based their claims on a defective Notice of Right to Cancel.  However, as BankUnited points out, the closing agent was instructed merely to ensure that each party signs and dates the Notice of the Right to Cancel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1533 ABC (SSx) | Date | August 12, 2008 |
|---|---|---|---|
| Title | Louise Santiago, et al. v. BankUnited FSB | | |

If the closing agent failed to do that, the CPL is triggered because no one – the closing agent or any other party – was required to determine the "validity, enforceability, or effectiveness" of the Notice of the Right to Cancel.  Therefore, BankUnited has stated claims for indemnity and breach of contract.

Second, BankUnited's claims against First American are not premature.  The parties get bogged down in arguing whether First American committed an anticipatory breach by refusing to cover the claims against BankUnited when BankUnited tendered its claim.  However, BankUnited is certainly entitled to implead First American on the theory that First American may in some way be liable for any eventual judgment against BankUnited.  The Court may consider splitting the case into phases since the breach of contract and indemnity claims are contingent on BankUnited being held liable for Plaintiffs' claims, but that does not require First American to be dismissed now and then be added back into the lawsuit later.

Finally, BankUnited has stated a claim for bad faith breach of the CPL.  Generally, a party can only bring a tort claim for bad faith arising from an insurance contract.  See Freeman & Mills, Inc. v. Belcher Oil Co., 11 Cal. 4th 85 (1995).  Under California law, an insurance contract is "a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from a contingent or unknown event."  Cal. Ins. Code § 22.  This definition is broad and certainly encompasses the CPL, which, by its terms, provides indemnity for loss, damage, or liability arising from the closing agent's failure to follow escrow instructions.  Although the parties cite several out-of-jurisdiction state and federal cases that have split on treating a CPL as an insurance contract, none of them particularly informs the Court's decision under California law.  Compare Clients' Sec. Fund v. Security Title & Guar. Co., 634 A.2d 90 (N.J. 1993) (treating a CPL as an insurance contract under New Jersey law) and Fleet Mort. Corp. v. Lynts, 885 F. Supp. 1187 (E.D. Wis. 1995) (same under Wisconsin law) with Lawyers Title Ins. Corp. v. New Freedom Mortgage Corp., 655 S.E.2d 269 (Ga. 2007) (treating a CPL as something other than insurance under Georgia law) and Metmor Fin. Inc. v. Commonwealth Land Tit. Ins. Co., 645 S.2d 295 (Ala. 1993) (same under Alabama law).  In California, "insurance coverage is interpreted broadly so as to afford the greatest possible protection to the insured . . . ."  MacKinnon v. Truck Ins. Exch., 31 Cal. 4th 635, 648 (2003) (citations and quotations omitted).  At least at the motion to dismiss stage, the Court is convinced that BankUnited has pled a claim that the CPL is an insurance contract under California law.[1]

---

[1] First American also argues that the CPL is not an insurance contract because it was not supported by consideration.  However, BankUnited specifically pled that the CPL was, in fact, supported by consideration.  (TPC ¶ 116.)  The Court must credit these allegations at the motion to dismiss stage.  Pareto, 139 F.3d at 699.  Any factual dispute over the existence of consideration is a matter to be taken up at summary judgment or at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1533 ABC (SSx) | Date | August 12, 2008 |
|---|---|---|---|
| Title | Louise Santiago, et al. v. BankUnited FSB | | |

BankUnited also claims that the CPL imposes on First American a duty to defend against Plaintiffs' claims, and First American's failure to tender a defense supports BankUnited's claim for bad faith breach. Although BankUnited has not pled this claim in the TPC, the Court will briefly discuss it, as both parties have addressed it in their briefing. In California, "[i]n the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears . . . 4. The person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity, but the person indemnified has the right to conduct such defenses, if he chooses to do so." Cal. Civ. Code § 2778. As a result, "under Civil Code section 2778, subdivision (4), a defense obligation is implied in all indemnity agreements 'unless a contrary intention appears.'" Maryland Cas. Co. v. Nationwide Ins. Co., 65 Cal. App. 4th 21, 31 (1998). "[A] reasonable insured would be entitled to presume the defense duty applied to [it] unless the policy clearly provided otherwise." Id. Nothing in the CPL even refers to a duty a defend, let alone "clearly provide[s]" that the duty does not exist under the CPL, as required by section 2778(4). At this stage, BankUnited has stated a claim that First American had a duty to defend against Plaintiffs' claims and failure to do so supports BankUnited's claim for bad faith breach.[2]

First American's motion is DENIED.

**IT IS SO ORDERED.**

                                                                                                                             :

Initials of Preparer         DA

---

[2] Save Mart Supermarkets v. Underwriters at Lloyd's London, 843 F. Supp. 597, 602 (N.D. Cal. 1994) is of little assistance to First American. There, the court found no duty to defend in an insurance contract because the contract provided the insurer the option to defend the action, rather than the duty to defend. Id. at 603. The Court is skeptical that this conclusion faithfully adheres to the mandate of Civil Code section 2278(4). In any event, that case is distinguishable because the CPL does not contain any such language.